IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY W. FLACK, <br><br> Plaintiff, <br><br> v. <br><br> DB INDUSTRIES, INC., d/b/a CAPITAL SAFETY USA, CAPITAL SAFETY GROUP, PROTECTA, DBI/SALA, and QUAD CITY SAFETY, INC., <br><br> Defendants. | CIVIL NO. 3:11-cv-00088-JAJ-TJS <br><br><br> STIPULATED PROTECTIVE ORDER |

The plaintiff and all defendants have stipulated to entry of the following protective order:

IT IS HEREBY ORDERED THAT:

1. Documents and things considered by a party to contain: (a) financial information that is business confidential, (b) trade secret information, (c) confidential sales and customer information, or (d) research, development or commercial information may be marked "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order ("Protective Order").

2. If any party or non-party wishes to designate as confidential any information produced by that party or non-party (a) contained in documents produced pursuant to a request for production of documents under the provisions of the Federal Rules of Civil Procedure, (b) provided in an answer to an interrogatory or contained in a document produced in lieu thereof, (c) produced in response to a subpoena duces tecum, (d) provided by way of testimony, (e) presented in any pleading or memorandum, (f) contained in responses to requests for admission,

1

or (g) disclosed in correspondence or any other written format, it may make such designation:

    a.    At the time any such information or a copy of any such document or writing is provided to the requesting party;

    b.    Prior to or at the time any such document or writing is produced for inspection, or

    c.    In case of testimony, by making a statement to that effect on the record, or by providing the other party written notice of said designation within ten days after receiving a transcript of such testimony. Prior to the expiration of ten days beyond the date on which counsel have received a transcript of any testimony, all testimony shall be treated as confidential and subject to this Protective Order.

3. All documents and information produced shall be designated as confidential by stamping each page that contains confidential information with the legend "Confidential" prior to its production or, if produced without that legend, by furnishing written notice to the receiving party that the information or document shall be considered confidential and subject to this Protective Order and then providing a replacement copy with the stamped legend. With respect to all materials made available for inspection by a party's counsel, designation by stamping or labeling as confidential need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection by a party's counsel shall be treated as though designated confidential at the time of inspection.

4. All documents and information designated as confidential (hereinafter referred to both collectively and individually as "Confidential Material") may be used only by Qualified Persons and only for purposes of this litigation and for no other purpose of any sort. All

documents and information which have not been designated confidential as provided above shall be deemed nonconfidential and may be used and disclosed to others for all purposes; provided, however, that nothing shall preclude a designation of any document or information as confidential at a later time, and thereafter such document or information shall be subject to the terms of this Protective Order as Confidential Material. Designing a document or information as Confidential Material does not constitute an admission or assertion that the document or information is a trade secret, and the fact of designation shall not be admissible in any proceeding to show anything about the document or information other than it being subject to the Protective Order.

5. "Qualified Persons" means (a) any parties who are individual people; (b) counsel of parties and their authorized secretarial and legal assistant staffs; (c) officers and employees of parties whose assistance is necessary to assist such party's counsel with respect to this litigation and who are specifically assigned to assist with the litigation; (d) officers and employees of parties' insurance carriers and claims adjusters who are assigned to the claim; and (e) a party's experts. For purposes of this paragraph, "expert" shall mean an expert witness retained and designated by a party, or any consultant or expert retained by a party's counsel in anticipation of litigation or in preparation for trial.

6. Confidential Material shall be dealt with in the following manner:

    a. Except as provided below, receipt and/or inspection and/or knowledge of all Confidential Material shall be limited to Qualified Persons. All such Confidential Material shall be held in confidence by those inspecting or learning of them, shall be used only for purposes of this litigation, shall not be used for any business or competitive purposes, and shall be disclosed to no one except other Qualified Persons.

    b.    Except for counsel signing this Stipulation, every Qualified Person to whom all or part of any Confidential Material is disclosed, before disclosure thereof, shall be shown this Stipulated Protective Order and shall agree to be bound by the terms hereof with regard to any use or disclosure to others of such Confidential Material by executing a Notice of Protective Order and Undertaking in the applicable form attached hereto as Exhibits A.

    c.    Confidential documents of a supplying party can be shown to present or former employees of the supplying party who were associated with the document at that present or former employee's deposition, or at their examination at trial, in which case the testimony about that confidential document will also be Confidential Material.

    d.    Any copies of Confidential Material, or any summaries, notes or other writings containing any Confidential Material, shall be, at all times, kept in the possession of Qualified Persons.

7.    Nothing herein shall prevent any party from disclosing its own Confidential Material as it deems appropriate and any such disclosure shall not be deemed a waiver of any other party's obligations under this Protective Order.

8.    Information does not constitute Confidential Material where it (a) was or becomes general public knowledge, not in violation of this Order, or (b) was or is acquired in good faith from a third party, not a party to this litigation, having the right to disclose such information, or (c) was or is discovered independently by the receiving party.

9.    Where a party or its counsel believes that some information designated as Confidential Material is of a nature or type such that its disclosures to officers or employees of other parties during the discovery process could cause damage even when produced in compliance with the terms of this Protective Order for Confidential Material, then that party or its counsel may designate the particular Confidential Material as "Attorneys Eyes Only" and will

have the burden of proving that the material should be so designated.

10. The use and/or disclosure of Attorneys Eye Only material at trial shall be determined by the court at or after the time of the final pretrial conference. Confidential Material that is further designated as Attorneys Eyes Only may be disclosed to or used with (a) counsel of parties and their authorized secretarial and legal assistant staffs, and (b) a party's expert whose assistance is necessary to assist such party's counsel with respect to the particular Confidential Material. Before receiving any Attorneys Eyes Only material, a party's expert shall not only have signed the Notice attached as Exhibit A, but also shall be informed by counsel of the Attorney Eyes Only provision applicable to that material.

11. Confidential Material shall not be made public by another party, or otherwise be made part of the public record of this action by another party. Any Confidential Material filed with the Court prior to trial or received in evidence at trial of this action, any filed portions of any transcripts of depositions or trial testimony in this action containing any Confidential Material, and any other materials falling within the terms of this Protective Order which are so designated at trial or at time of filing, shall be kept by the Clerk of Court in sealed envelopes or other appropriate containers, in accordance with the rules of the Court, until further order of the Court. Each sealed envelope or container shall be endorsed by the supplying party with the title of the action and the word "Confidential." Where possible, only those portions of documents consisting of Confidential Material shall be filed in sealed envelopes.

12. To the extent that any Confidential Material, or information obtained therefrom, is used in the taking of depositions, all such documents and information shall remain subject to the provisions of this Protective Order, along with the transcript pages of deposition testimony

dealing with Confidential Material information. At the time any Confidential Material is used in any deposition, the reporter will be informed of this Protective Order by counsel for the party producing the Confidential Material and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript. Counsel for each party shall exercise reasonable care not to needlessly disclose, and to make sure that all consultants and experts assisting counsel shall not disclose, any Confidential Material or the information contained therein in this case.

13. Thirty days after the final termination of this action, including all appeals, all Qualified Persons shall return to counsel, and counsel shall return or destroy at their own option and own expense, and shall so certify in writing, all Confidential Material that originated from adverse parties, and also all documents of any sort containing any Confidential Material that originated from adverse parties or information derived therefrom, including any copies, extracts, or summaries thereof, except that counsel to the parties may retain one copy of documents that comprise or include attorney work product (but subject to the restrictions of this Order). All Qualified Persons will take reasonable steps to ensure the continued protection of confidential information contained therein both during the return and destruction process and thereafter.

14. A party shall not be obligated to challenge the propriety of Confidential Material designation at the time made, and failure to do so shall not preclude subsequent challenge thereto or constitute any admission of confidentiality. In the event that any party to the litigation disagrees at any stage of these proceedings with the propriety of a designation by the supplying party of any information as Confidential Material, the parties shall first try to resolve such disagreement in good faith on an informal basis. If the disagreement cannot be thus resolved, the

objecting party may seek appropriate relief from this Court, and the objecting party shall have the burden of proving that the information for which confidentiality is claimed is not subject to the restrictions of this Order.

15. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to this client with respect to the litigation and, in the course thereof, relying upon his examination of Confidential Material, so long as this does not involve any disclosure of Confidential Material that is Attorneys Eyes Only.

16. This Protective Order shall not be construed as an admission that any Confidential Material or other information covered by this Order shall be admissible as evidence in this case or in any other proceeding. Nothing in this Order shall be deemed a waiver of any party's right to object on any ground to the admission of any Confidential Material or other information into evidence at the trial of this matter. Nothing in this Order shall foreclose or limit any party from opposing the production of any document, or the taking of any testimony, or the discovery of any information on any grounds permitted by the Federal Rules of Civil Procedure or any local court rule, including but not limited to the production of confidential customer lists.

17. It is the intent of this Protective Order, in part, to prevent the dissemination of information of a sort and in a manner that might be adverse to the business interests of the parties or their respective employees or customers. The parties agree to use reasonable care to effect that intent.

18. Nothing in this Protective Order shall limit any of the parties in applying to the court for relief from this Protective Order, or for such further or additional protective orders as the court may deem appropriate.

**GREFE & SIDNEY, P.L.C.**

By /s/
Andrew D. Hall    AT0003154

By /s/
Laura N. Martino    AT0005043

500 E. Court Ave., Suite 200
Des Moines, IA 50309
ATTORNEYS FOR DEFENDANT
QUAD CITY SAFETY, INC.

**DOWD & DOWD, P.C.**

By /s/
William T. Dowd    Mo Bar #39648

By /s/
Laura G. Lumaghi    Mo Bar #50816

100 N. Broadway, Suite 1600
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

**WHITFIELD & EDDY, P.L.C.**

By /s/
Jason M. Casini    AT0001475
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309
ATTORNEY FOR DEFENDANT
DB INDUSTRIES, INC.

DATED this 30 day of September, 2011.

_____
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY W. FLACK,<br><br>Plaintiff,<br><br>v.<br><br>DB INDUSTRIES, INC., d/b/a CAPITAL SAFETY USA, CAPITAL SAFETY GROUP, PROTECTA, DBI/SALA, and QUAD CITY SAFETY, INC.,<br><br>Defendants. | CIVIL NO. 3:11-cv-00088-JAJ-TJS<br><br><br>STIPULATED PROTECTIVE ORDER |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____;

and the address of my present employment is _____.

3. My present occupation or job description is _____
_____.

4. I have received a copy of the Protective Order in this case signed by a District Court Judge on _____, 20__.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, and not disclose to anyone not a Qualified Person under the Protective Order, any Confidential Material or any words, summaries, abstracts, or indices of Confidential Material disclosed to me.

1

8. At the conclusion of my involvement in the litigation, I will return all Confidential Material, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am employed or retained.

_____