UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(DAVENPORT DIVISION)

| | |
|---|---|
| TIMOTHY W. FLACK,<br><br>   Plaintiff,<br><br>v.<br><br>DB INDUSTRIES, INC., d/b/a<br>CAPITAL SAFETY USA, and<br>QUAD CITY SAFETY, INC.,<br><br>   Defendants. | Case No. 3:11-cv-88-JAJ-TJS<br><br><br>STATUS REPORT:<br>MEET AND CONFER<br>(INSPECTION ISSUES) |

COMES NOW Defendant DB Industries, Inc. d/b/a Capital Safety USA ("DBI"), by and through the undersigned legal counsel, and respectfully states to the Court as follows:

1.     By Order of December 12, 2011, the Court directed the parties and the Movants, NextEra Energy Operating Services, Inc. and Crystal Lake Wind II, LLC, to meet and confer regarding the inspection of the windmill site, pursuant to the subpoena previously issued by DBI. On December 14, 2011, legal counsel for the parties and the Movants met by conference call to discuss options for inspections.  In accordance with the Order entered December 12, 2011, DBI reports to the Court that the meet and confer was held as directed but was unsuccessful.

2.     During the meet and confer, DBI presented a proposal for delaying the inspection that was originally scheduled for December 12, 2011, until sometime in April or May, so that all parties, legal counsel and any expert witnesses retained at that time could attend and conduct a joint inspection, pursuant to the Court's stated preference for a "global inspection."

However, both DBI and Defendant Quad City Safety, Inc. ("QCS") indicated that they specifically reserved their rights to seek an additional inspection, if necessary, following receipt of Plaintiff's expert witness disclosures. QCS also indicated a preference that any global inspection of the windmill site wait until after Plaintiff's expert witness disclosures, if QCS remains a party to this case after a ruling is issued on its pending Motion for Summary Judgment. Plaintiff was also reluctant to delay certain depositions until after a spring inspection.

      3.      During the meet and confer, the Movants continued to insist that a release be executed releasing them from any and all claims, even those arising from their own negligence, as a condition of access to the premises.  Counsel for Plaintiff and the Defendants indicated that they would be willing to consider any revised release proposed by Movants that addressed the concerns raised in DBI's Resistance to the Motion to Quash and during the expedited hearing on December 9, 2011, but did not commit to executing any release.

      4.      On December 14, 2011, the Movants notified the parties that they were rejecting DBI's proposal regarding future inspection(s) of the windmill site, stating that "there should be only one additional inspection," which should not be scheduled until "all necessary participants, including counsel and experts, can participate and thereby eliminate the need for any further requests" for inspections. (Exhibit A)  The Movants also proposed a revised version of a release, while, once again, reserving their rights "to ask Judge Shields to require use of the release in the original form submitted with our motion to quash if we are ultimately unable to reach agreement with counsel." (Exhibit B).  The revised release proposed by the Movants still includes language that purports to release them from any claims due "in whole or in part" to their own negligence and the negligence of their subsidiaries, affiliates, contractors, or agents. Accordingly, DBI has informed the Movants that their positions are unacceptable.

5.      It is DBI's position that:

a.      Since Plaintiff's counsel and expert witness have previously inspected the windmill site, DBI should be entitled to equivalent access to the windmill site for a very brief inspection (60 – 90 minutes) by its legal counsel, company engineer and/or expert witness, prior to proceeding with depositions of the Plaintiff and key accident scene witnesses.  DBI believes that discovery will be far more meaningful if all of the attorney have seen the windmill site before witnesses are deposed. The possibility of a second inspection is not an undue burden to Movants since DBI is only asking for 60 to 90 minutes during the first inspection.  DBI therefore requests leave of Court to issue a new subpoena for inspection of the windmill site, with the inspection to be completed within the next thirty (30) days.

b.      DBI requests the entry of an Order denying the Motion to Quash filed by the Movants, since no legal authority exists to support the position that the Movants are entitled to insist on execution of a release – particularly of claims arising "in whole or in part" from their own negligence -- as a condition of access to the premises, when the inspection is conducted pursuant to subpoena, and Movants continue to "reserve their rights" with regard to making execution of a release a condition of access to the premises.

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309-4195
Telephone: (515) 288-6041
Fax: (515) 246-1474
Email: casini@whitfieldlaw.com

By:   *Jason M. Casini*                    /*S*/
          Jason M. Casini        AT0001475

Lindsay G. Arthur, Jr.
ARTHUR CHAPMAN KETTERING
SMETAK & PIKALA, P.A.
500 Young Quinlan Building
81 South 9th Street
Minneapolis, MN 55402
Telephone: (612) 375-5919
FAX: (612) 339-7655
Email: lgarthur@ArthurChapman.com

* *Admitted Pro Hac Vice*

ATTORNEYS FOR DB INDUSTRIES, INC.